IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

**RONNIE HENRY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**No. 15964     Robert L. Jones, Judge**

_____

**No. M2017-01612-CCA-R3-HC**

_____

Over twelve years ago, Petitioner, Ronnie Henry, was convicted at a jury trial of several counts of robbery involving multiple victims in Shelby County. On direct appeal, this Court affirmed the convictions but remanded for resentencing. *State v. Ronnie Henry*, No. W2006-00344-CCA-R3-CD, 2008 WL 450459, at *1 (Tenn. Crim. App. Feb. 19, 2008), *perm. app. denied* (Tenn. Sept. 29, 2008). After resentencing, this Court affirmed Petitioner's effective seventy-year sentence. *State v. Ronnie Henry*, No. W2009-00089-CCA-R3-CD, 2009 WL 3103823, at *1 (Tenn. Crim. App. Sept. 28, 2009), *no perm. app. filed*. Petitioner then unsuccessfully sought post-conviction relief. *Ronnie Henry v. State*, No. W2014-01786-CCA-R3-PC, 2016 WL 1402951, at *1 (Tenn. Crim. App. Apr. 7, 2016), *perm. app. denied*, (Tenn. Sept. 26, 2016). Now, Petitioner challenges the habeas corpus court's summary dismissal of his petition for habeas corpus relief. For the following reasons, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J. and ROBERT L. HOLLOWAY, JR., J., joined.

Ronnie Henry, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On February 6, 2017, Petitioner filed a petition seeking habeas corpus relief. In the petition, he alleged that he was arrested without a warrant and that the affidavit of complaint was an improper charging instrument. The habeas corpus court dismissed the petition finding that Petitioner failed to meet the statutory requirements for the petition. The habeas corpus court noted that Petitioner failed to: (1) "include the indictment relevant to his conviction;" (2) verify the petition by affidavit; and (3) include a statement that it was his first petition for habeas corpus relief. The habeas corpus court also determined that Petitioner was charged on an indictment rather than an affidavit of complaint and, therefore was "convicted pursuant to a valid charging instrument and indicted within the limitations period for the offenses" at issue. The habeas corpus court concluded that Petitioner failed to state a cognizable claim, and dismissed the petition for relief. Petitioner filed a timely notice of appeal.

*Analysis*

Petitioner argues on appeal that the habeas corpus court improperly dismissed the petition for relief. Specifically, he complains that he was arrested without a warrant and charged by complaint, rendering any indictment issued invalid. Moreover, Petitioner insists that the statute of limitations expired prior to the commencement of prosecution. The State insists that the habeas corpus court properly dismissed the petition.

In Tennessee, "[a]ny person imprisoned or restrained of his liberty, under any pretense whatsoever. . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. While there is no statute of limitations for filing a petition for a writ of habeas corpus, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Because the issue of whether habeas corpus relief should be granted is a question of law, we conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Summers*, 212 S.W.3d at 255.

The requirements for habeas corpus petitions are "mandatory and must be followed scrupulously." *Id.* at 260; *Hickman*, 153 S.W.3d at 19-20. A petition must state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure to do so.

T.C.A. § 29-21-107(b). A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21.

Petitioner's first argument, that there was no valid charging instrument and that the "State failed to give him notice of the charges at the time of trial," necessarily requires a court to review the charging instrument, in this case an indictment. Although defenses based on the validity of an indictment must ordinarily be raised pretrial, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." *Dykes*, 978 S.W.2d at 529; *see also* Tenn. R. Crim. P. 12(b)(2), (f). However, if the defect claimed by the petitioner does not relate to the jurisdiction of the trial court, it is considered waived for failure to raise it before trial. Tenn. R. Crim. P. 12(f)(1). Generally, an indictment is valid if it contains information that is sufficient: "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997); *see also* T.C.A. § 40-13-202. In this case, we are wholly unable to determine the efficacy of the indictments because of Petitioner's failure to include the same. Moreover, Petitioner acknowledges in the petition that he was indicted and still failed to give a reason for failing to include the indictment with the petition. This ground alone was sufficient for the habeas corpus court to dismiss the petition for relief. *See James Smith v. Doug Cook,*

No. E2015-00681-CCA-R3-HC, 2015 WL 6671554, at *2 (Tenn. Crim. App. Oct. 13, 2015) (affirming dismissal of habeas petition for failing to attach "sufficient documentation to support [the] claim"), *perm. app. denied* (Tenn. Mar. 23, 2016).

Moreover, Petitioner failed to state a cognizable claim for relief. Petitioner insists that he was arrested without a valid warrant and that he was ultimately charged on a defective affidavit of complaint. However, it appears, from earlier opinions that Petitioner was actually indicted for the crimes that led to his convictions. As the State points out, "all questions as to the sufficiency of the [arrest] warrant are foreclosed by the finding of an indictment." *Jones v. State*, 332 S.W.2d 662, 667 (Tenn. 1960). "Neither an illegal warrantless arrest nor an arrest made under color of an invalid warrant invalidates or otherwise affects the validity of an indictment or presentment returned by a grand jury subsequent to the arrest." *State v. Marvin Anthony Matthews*, No. 02-C-01-9206-CC-00141, 1989 WL 407329, at *3 (Tenn. Crim. App. Mar. 24, 1993). Based on the scant record on appeal and from Petitioner's earlier appeals, it appears that Petitioner was indicted on four counts of aggravated robbery, Class B felonies, and four counts of robbery, Class C felonies. *Ronnie Henry*, 2008 WL 450459, at *1. Thus, Petitioner's arrest, lawful or not, does not affect the validity of the indictment.

When considering the issue of whether the statute of limitations had expired prior to commencement of prosecution, we note that Petitioner's offenses occurred on July 16, 2002, and he was sentenced after trial on January 5, 2006. Prosecution of an offense commences with the finding of an indictment or the issuance of a warrant. T.C.A. § 40-2-104. All of the proceedings with regard to Petitioner's arrest, indictment, and conviction took place well within the statute of limitations. *See* T.C.A. § 40-2-101(b)(2), (3) (listing statute of limitations of eight years for a Class B felony and four years for a Class C felony). Accordingly, Petitioner has failed to present a cognizable claim for relief.

*Conclusion*

For the foregoing reasons, we affirm the judgment of the habeas corpus court.

_____
TIMOTHY L. EASTER, JUDGE